UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
ALEXANDER SERRANO-SERRANO,     : CIVIL NO: 3:11-CV-02257
                               :
          Plaintiff            :
                               : (Judge Kosik)
     v.                        :
                               : (Magistrate Judge Smyser)
PSP TRP. WOLFE, et al.,        :
                               :
          Defendants           :
```

**REPORT AND RECOMMENDATION**

We have reviewed the amended complaint in accordance with 28 U.S.C. § 1915(e)(2), and we conclude that the amended complaint fails to state a claim upon which relief may be granted as to four of the seven defendants. We recommend that the amended complaint be dismissed as to those four defendants and that the case be remanded to the undersigned for further proceedings.

I. Background and Procedural History.

The plaintiff is confined at the York County Prison. He commenced this 42 U.S.C. § 1983 case by filing a complaint and an application for leave to proceed *in forma pauperis.* We reviewed the complaint and determined that it fails to state a

claim upon which relief may be granted as to all but one of the defendants. We granted the plaintiff leave to file an amended complaint.

The plaintiff did not file a document titled as an amended complaint. Instead, on December 23, 2011, he filed a document titled as a motion for leave to file an amended complaint. Although titled as a motion, it appears that the plaintiff intended this document to be his amended complaint. We will construe it as such.[1]

The amended complaint names Trooper Wolfe, a Pennsylvania State Police Trooper, as a defendant. The plaintiff claims that, in June of 2011, defendant Wolfe used excessive force on him during an arrest. He alleges that defendant Wolfe tackled him causing him seven broken ribs and a dislocated lung. He alleges that this caused him excruciating pain, unnecessary medical expenses, and mental anguish.

---

1. By a separate order, we have directed the Clerk of Court to correct the docket to indicate that the document is an amended complaint rather than a motion.

The plaintiff also complains about the conditions in the York County Prison and the medical care that he has received there. He names the following individuals as defendants in connection with those claims: Clair Doll, the Deputy Warden for Treatment; Dr. Rollyns, a psychiatrist; Mike Baldwin, a medical staff member; Officer Strayer, a corrections officer; and Patricia Bennett, the Health Services Administrator. Although not listed in the caption, he also appears to name PrimeCare Medical as a defendant.

The plaintiff alleges that, in October of 2011, defendant Strayer was patting down inmates for concealed contraband. At the start of defendant Strayer's search of him, the plaintiff told defendant Strayer about the injury to his ribs and lung on his left side. Defendant Strayer then pushed the plaintiff against the wall and concentrated his force on the plaintiff's left side. He laughed when the plaintiff groaned in pain.

The plaintiff alleges that Dr. Rollyns prescribed Celexa for him. Celexa is a Selective Serotonin Reuptake Inhibitor. The body needs to be weaned off this medication,

3

and abruptly stopping this type of medication can be life threatening. Nevertheless, Dr. Rollyns denied this medication to the plaintiff for no apparent reason. The plaintiff contacted his psychiatrist outside the prison and asked Dr. Rollyns to contact that psychiatrist but Dr. Rollyns never did so. Dr. Rollyns also denied the plaintiff Trazadone, another mental health medication, for no apparent reason.

The plaintiff alleges that, after he briefly reviewed his medical records, he asked defendant Baldwin for permission to review the records again and for Baldwin to make a copy of the records for him. Defendant Baldwin responded in the negative: he said "ask me again and you will go to the hole."

The plaintiff wrote three requests slips to defendant Bennett asking her to review his medical records. He got no response from defendant Bennett until after he wrote to the Warden.

The plaintiff alleges that he was moved to a different cell five times. Each time he was under the impression that the move was so that he would have the use of a medical bed.

4

But each time he was moved there was no medical bed to be found.  Additionally, during each move the plaintiff was required to carry his own belongings aggravating his pain.  Also, he was required to climb approximately twenty steps to get to the top tier.  Further, he was required to climb in and out of a top bunk without the assistance of a ladder which made it difficult and painful getting in and out of bed.

The plaintiff claims that defendant Doll should be held responsible along with defendant PrimeCare Medical for the approval of a policy allowing a non-medical officer to deny an inmate the use of a prescribed medical device.  He also claims that defendant Doll is responsible for adopting a policy of denying the plaintiff medication prescribed by a non-PrimeCare Medical physician.  The plaintiff claims that defendant Bennett is responsible for allowing the policy which allowed a non-medical official the power to deny an inmate the use of a medical device which was prescribed by a medical official.

II.  Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.*  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to "show" such an entitlement with its facts." *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

6

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the amended complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

7

>    **(a) Screening**.- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>    **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>        (2) seeks monetary relief from a defendant who is immune from such relief.

This is a 42 U.S.C. § 1983 case. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d

8

Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

The amended complaint fails to state claims upon which relief may be granted against defendants Baldwin, Bennett, Doll, and PrimeCare Medical.

A. Defendant Baldwin.

The only allegation against defendant Baldwin is that he refused on one occasion the plaintiff's request to review his medical records and to make copies of those records for the plaintiff. The plaintiff has not alleged what right those actions allegedly infringed or how he was harmed by those actions. Accordingly, the amended complaint fails to state a claim upon which relief may be granted against defendant Baldwin.

9

B.  Defendant Bennett.

The plaintiff alleges that he did not get a response from defendant Bennett to his requests to review his medical records until after he wrote to the warden.  The plaintiff has not alleged what right defendant Bennett allegedly infringed or how he was harmed by her failure to initially respond to his requests.

The plaintiff also claims that defendant Bennett is responsible for allowing the policy which allowed a non-medical official the power to deny an inmate the use of a medical device which was prescribed by a medical official.  Presumably, the plaintiff is referring to the failure to provide him with a medical bed during his numerous cell transfers.  He does not, however, allege facts from which it can reasonably be inferred that defendant Bennett was personally involved in his cell transfers or that she was aware of his need for and lack of a medical bed.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909

10

F.Supp. 261, 264 (M.D. Pa. 1995). "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 692 (1978)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009).

  The plaintiff has not alleged personal involvement on the part of defendant Bennett with regard his cell transfers and the lack of a medical bed. Accordingly, the amended complaint fails to state a claim upon which relief may be granted against defendant Bennett.

11

C. Defendant Doll.

The plaintiff claims that defendant Doll should be held responsible for the approval of a policy allowing a non-medical officer to deny an inmate the use of a prescribed medical device. He also claims that defendant Doll is responsible for adopting a policy of denying the plaintiff medication prescribed by a non-PrimeCare Medical physician. These are conclusory allegations and the plaintiff has not pleaded any facts to support an inference that defendant Doll was personally involved in or aware of the plaintiff's situation. Accordingly, the amended complaint fails to state a claim upon which relief may be granted against defendant Doll.

D. Defendant PrimeCare Medical.

The plaintiff claims that defendant PrimeCare Medical should be held responsible for the approval of a policy allowing a non-medical officer to deny an inmate the use of a prescribed medical device.

12

The principle that *respondeat superior* liability does not exist under 42 U.S.C. § 1983 extends even to a for-profit private corporation. *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003)("PHS [Prison Health Services] cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability."). The same standard that applies to claims against a municipality applies to claims against a private corporation providing medical care in a prison. *Id.* at 584.

Thus, to state a claim upon which relief may be granted, the plaintiff must allege that the violation of his rights was caused either by a policy or custom of PrimeCare Medical. The plaintiff alleges a policy in a conclusory manner. But he does not allege facts to support that allegation. Because the plaintiff has failed to allege facts from which it can reasonably be inferred that a violation of his constitutional rights occurred as the result of a policy, custom, or practice of PrimeCare Medical, the amended complaint fails to state a claim upon which relief may be granted against PrimeCare Medical.

13

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). We granted the plaintiff leave to amend and he filed an amended complaint. He still failed to state a claim upon which relief may be granted against four of the seven defendants. Further leave to amend would be futile.

IV. Recommendations.

Based on the foregoing, it is recommended that defendants Baldwin, Bennett, Doll, and PrimeCare Medical be dismissed and that the case be remanded to the undersigned for further proceedings.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: January 20, 2012.

14